IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 07-30070 |
| | ) | |
| ROBERT L. BLUNSTON, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

This cause is before the Court on Defendant Robert L. Bluntston's pro se Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense ("Motion"). See d/e 69. Because Defendant was subject to a statutory mandatory minimum, he is not eligible for a reduced sentence under 18 U.S.C. § 3582(c)(2). Therefore, Defendant's Motion for Retroactive Application of the Sentencing Guidelines to Crack Cocaine Offense (d/e 69) is DISMISSED for lack of subject matter jurisdiction.

BACKGROUND

In February 2008, Defendant pleaded guilty to possession of 50 or more grams of a mixture or substance containing cocaine base (crack) with intent to distribute . See 21 U.S.C. § 841(a)(1). Defendant's sentencing hearing was held in June 2008. According to the presentence investigation report, Defendant was held accountable for 383.8 grams of crack, which resulted in a base offense level of 32. With a three-level reduction for acceptance of responsibility, Defendant had an offense level of 29. An offense level of 29 and a criminal history category of V resulted in a sentencing guideline range of 140 to 175 months. However, Defendant was subject to a 20-year mandatory minimum. See 21 U.S.C. § 841(b)(1)(A) (2007) (providing for a 20-year minimum sentence where the violation involved more than 50 grams of crack and was committed after a prior conviction for a felony drug offense has become final). Therefore, Defendant's guideline range became 240 months. See United States Sentencing Guidelines (U.S.S.G.) § 5G1.1(b) ("Where a statutorily required minimum sentence is greater than the maximum of

the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence"). The Court sentenced Defendant to 240 months.

In November 2011, Defendant filed a letter that this Court considered as a Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense (Motion). <u>See</u> d/e 69. Pursuant to Administrative Order 11-MC-2042, this Court appointed the Federal Defender to represent Defendant on his Motion.

On January 9, 2012, Jonathan E. Hawley, Chief Public Defender, moved to withdraw as counsel for Defendant. Hawley concluded Defendant was ineligible for a reduced sentence pursuant to the retroactive amendment to the crack cocaine guideline because Defendant was sentenced to the statutory mandatory minimum sentence of 240 months' imprisonment.

On January 10, 2012, this Court granted Hawley leave to withdraw and granted Defendant until February 15, 2012 to supplement his motion or file a new motion for a reduced sentence. Defendant

sought and received an extension of time until February 22, 2012 to supplement or file a new motion for a reduced sentence.  On February 21, 2012, Defendant filed another motion for extension of time to supplement his Motion or file a new Motion.  The Court granted the motion and gave defendant until April 30, 2012 to file a supplement to his Motion or filed a new Motion.  Defendant did not do so.

## ANALYSIS

In 2010, Congress passed the Fair Sentencing Act of 2010 (Act), which amended 21 U.S.C. § 841(b)(1) by, among other things, raising the amount of crack that mandated minimum prison sentences.  See Pub. L. No. 111-220, 124 Stat. 2372; see also 21 U.S.C. § 841(b)(1); United States v. Vance, 659 F.3d 613, 616 (7th Cir. 2011).  For example, the Act raised the amount of crack that triggers the mandatory 120-month minimum to 280 grams.  See 21 U.S.C. § 841(b)(1) (A) (2010).  However, the Seventh Circuit has held that the Act does not apply retroactively.  United States v. Bell, 624 F.3d 803, 814-15 (7th Cir. 2010).  Therefore, the amendment in the Act does not entitle Defendant

to a reduction in his sentence.

The Act directed the United States Sentencing Commission to amend the Federal Sentencing Guidelines "'to achieve consistency with other guideline provisions and applicable law.'" <u>United States v. Perez</u>, 2011 WL 2183879, at *1 (N.D. Ind. 2011), <u>quoting</u> Pub. L. No. 111-220 at § 8, 124 Stat. at 2374.  The Sentencing Commission amended the Sentencing Guidelines by reducing the base offense levels for specific quantities of crack cocaine.  <u>See</u> Amendment 750.  For example, when Defendant was sentenced, the Guidelines provided for a base offense level of 32 for 383 grams of cocaine base.  <u>See</u> U.S.S.G. § 2D1.1(c)(4) (2007) (drug quantity table providing for offense level of 32 for at least 150 grams but less than 500 grams of cocaine base).  Under the amended Guidelines, Defendant's base offense level would still have been 32.  <u>See</u> U.S.S.G. § 2D1.1(c)(4) (2011) (drug quantity table providing for offense level of 32 for at least 280 grams but less than 840 grams of cocaine base).

A district court has "limited power to revisit sentences once they are

imposed." United States v. Goode, 342 F.3d 741, 743 (7th Cir. 2003). Section 3582 of the United States Code permits a court to modify a previously imposed term of imprisonment where (1) the defendant was sentenced "to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" and (2) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). If the defendant cannot satisfy the first criterion, the court lacks subject matter jurisdiction to consider the reduction request. United States v. Forman, 553 F.3d 585, 588 (7th Cir. 2009).

In this case, Defendant's sentencing range was not subsequently lowered by the Sentencing Commission. At sentencing, Defendant's guideline range was 140 to 175 months. However, because Defendant was subject to the statutory mandatory minimum sentence of 240 months, that term, 240 months, became his sentencing range. See, e.g., U.S.S.G. § 5G1.1(b) ("Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the

statutorily required minimum sentence shall be the guideline sentence"). The Sentencing Commission did not subsequently lower that sentencing range, which was based on the statutory mandatory minimum sentence. Therefore, Defendant is not entitled to a reduction.  See United States v. Monroe, 580 F.3d 552, 559-60 (7th Cir. 2009) ("The 'starting point' for Mr. Monroe's sentence was the statutory, mandatory minimum sentence; that minimum sentence was not reduced or otherwise affected by Amendment 706, which impacted only Mr. Monroe's base offense level, not his 'sentencing range.'"); U.S.S.G. § 1B1.10 cmt. n. 1(A) ("[A] reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) and is not consistent with this policy statement if: . . . the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g. a statutory mandatory minimum term of imprisonment)");  See also, e.g., Martin v. United States, 2011 WL 5507423, at *17 (E.D.N.Y. 2011) (finding that the defendant was not eligible for a reduction in sentence under § 3582(c)(2)

because his sentencing range was based on the statutory mandatory minimum sentence). Moreover, Amendment 750 did not lower Defendant's sentencing range. As stated, Defendant was held accountable for 383 grams of cocaine base. Therefore his base offense level is still 32 and his total offense level after adjustments is still 29. An offense level of 29 and criminal history category of V provides the same sentencing range as before–140 to 175 months.

Because Defendant was not sentenced "to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," he is not eligible for a reduction under § 3582(c)(2). This Court lacks subject matter jurisdiction to consider the reduction request. <u>Forman</u>, 553 F.3d at 588.

## CONCLUSION

For the reasons stated, Defendant's Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense (d/e 69) is DISMISSED for lack of subject matter jurisdiction.

ENTERED: May 11, 2012

FOR THE COURT:

                                        <u>s/ Sue E. Myerscough</u>
                                        SUE E. MYERSCOUGH
                              UNITED STATES DISTRICT JUDGE